HOOKE *et al., Appellants*, v. CHITWOOD *et al.*

Division One, March 12, 1895.

1. **Land:** SUIT TO DIVEST TITLE. In an action to set aside a deed from the county, in favor of plaintiffs, claiming title to the land under a prior deed from the county, it being reputed to belong to them, but there being no record evidence to that effect, *held*, that a judgment for defendants was proper.

2. **County Court:** SWAMP LAND. A county court, for the purpose of managing and selling swamp lands, is the special agent of the county; the statute relative thereto constituting the warrant of its authority.

3. ——: ——: ESTOPPEL. A county is not estopped from asserting title to swamp land by the fact that it has levied and collected taxes thereon.

*Appeal from Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*Cunningham & Dolan* and *E. O. Brown* for appellants.

(1) The courts in construing a deed must ascertain the intention of the parties, and this is done by considering the instrument in its entirety. *Davis v. Hess*, 103 Mo. 31. (2) It is the settled law that the call for quantity may be resorted to for the purpose of making that certain, which otherwise would be uncertain, and especially is this true where the land, as in this case, is described by sectional subdivisions. *Davis v. Hess*, 103 Mo. 31; *Burnett v. McCluey*, 78 Mo. 676; *Prior v. Scott*, 87 Mo. 303; *Wolf v. Dyer*, 95 Mo. 543. (3) The defendant, Chitwood, had direct and positive knowledge that the Hooke heirs were in possession of the land in question, claiming title to it. It is a well settled rule of law that one accepting a conveyance of land, with knowledge of a prior claim or deed takes subject to the latter. *Johnson v. Shortridge*, 93 Mo. 225. (4) The law imputes to a purchaser knowledge of every fact which appears upon the muniments of title or which one should inquire after in the investigation of the title. *Maupin v. Emmons*, 47 Mo. 304; Tiedeman on Real Property, sec. 819.

*Howard Gray* and *John T. James* for respondents.

(1) The tract of land in dispute being "swamp land" the court could only dispose of it in the manner provided by law. *Sturgeon v. Hampton*, 88 Mo. 203. (2) The statute of limitations would not run against

the county as to this land.   R. S. 1889, sec. 6772.  (3)
Appellants have not even color of title, as color of title
can not extend beyond boundaries specified in grant.
*Golterman v. Schiermyer*, 111 Mo. 404.   (4)  Acts of
county courts can only be proved by the records.
*Maupin v. Franklin County*, 67 Mo. 327.   (5)  A con-
tract with county court must be proved by the record
alone, and can not be varied, contradicted or enlarged
by oral evidence of the intentions of the judges.
*County of Johnson v. Wood*, 84 Mo. 489.

MACFARLANE, J.—In the year 1888, defendant
Chitwood purchased from defendant Jasper county,
certain swamp land described as the west half of lot 1,
northwest quarter of section 6, township 29, range 33,
in said county.  Plaintiffs, as the heirs of Henry M.
Hooke, deceased, prosecute this suit in equity to set
aside this deed and to vest the title to the land in them-
selves.

They charge in their petition that in February,
1858, one George E. Ward purchased of said county a
large quantity of swamp land, including that in ques-
tion, for which he received a certificate.  The terms of
the contract were that, when said Ward should pay the
purchase price and interest on said land, or any por-
tion of it, deeds should be made to himself or his assigns.
In 1859, the said Ward sold to the said Henry M.
Hooke, plaintiffs' ancestor, with other land, the tract
in controversy.  After plaintiffs, as the heirs of said
Hooke, had made full payment, according to the terms
of the contract, the county by deed in due form under-
took to convey the land to plaintiffs, but by mistake
omitted therefrom the land in question.  This deed
was dated in 1868.  They charged further, that they
had paid taxes on the land since their purchase in 1859,
and up to 1888, the date of defendant Chitwood's pur-

chase from the county. They charge, further, that, on the twenty-fourth day of May, 1888, the county sold and by deed conveyed to defendant Chitwood who had full notice of their equity.

On the trial the records of the county court, setting out the sale to Ward, and the deed from the county to plaintiffs, were read in evidence. In neither of these was the land in question described. Evidence was introduced tending to prove that the land was known in the neighborhood as a part of the Hooke tract, and also that plaintiffs paid the taxes thereon for the time claimed in their petition, of which defendant had notice when he purchased. Plaintiffs nor their ancestor ever had the actual possession of the land, nor was any kind of improvements made thereon by them. There was no evidence tending to prove that this land was included in that purchased by Ward from the county, or that this tract was omitted from the order of the county court by mistake. The only evidence that could have a possible bearing on the question was the fact that the purchase of Ward included over seventy-five thousand acres of land.

The fact upon which plaintiffs chiefly rely for the relief demanded, is that the deed declared the quantity of land conveyed as being three hundred and ten acres, for which they paid the stipulated price per acre, when, as they say, the land conveyed fell short of that quantity some twenty acres. Defendants on the other hand claim that by including this land plaintiffs will have eleven acres more than the quantity called for in their deed. The sections are fractional, and the quantity of land is not given.

We are of the opinion that plaintiff made no case for equitable relief, and that the judgment of the circuit court, which was for defendants, should be affirmed. The right of plaintiffs to a conveyance from the county

is derived from the contract of sale by the county court to Ward. They can claim no more than Ward, their assignor, acquired from the county. The land in question was not included in that contract, nor was there a particle of evidence that it was in fact included in the sale, but omitted from the order of the court through mistake or inadvertence.

Nor is there any evidence that, when the county made the deed to plaintiffs, it intended to convey this land also. The only evidence that it intended to convey more land than was actually described is found in the recital contained in the deed that the land thereby conveyed contained three hundred and ten acres more or less, and that they paid ninety cents per acre for that quantity. Such recital may aid in construing a deed in which the description is ambiguous or doubtful, as in *Davis v. Hess* (103 Mo. 36), but can not be held sufficient, standing alone, not only to prove that the intention was to include other lands, but also to identify the land intended. The land as described in the deed was the "E. $\frac{1}{2}$ lots 1 and 2 of N. W. qr. sec. 5, T. 28, R. 33; and the S. $\frac{1}{2}$ N. E. qr. sec 32, the E. $\frac{1}{2}$ N. W. sec. 32 and the E. $\frac{1}{2}$ S. W. sec. 32, tp. 29, range 33. Containing 310 acres more or less." In this description it is impossible to find an intention to convey thirty-one acres in section 6.

It may be that the neighbors, and plaintiffs themselves, thought the land in question was described in the deed and understood it to be a part of the tract, and the repute thus given it may have become important in proving notice on defendant Chitwood, if plaintiffs had shown themselves vested with an equity which they could enforce, but it is not evidence that the county had sold and intended to convey it to plaintiffs.

The lands belonging to the county could only be sold and conveyed in the manner pointed out by the

statute. For the purpose of managing and selling swamp land the county court is not the general agent of the county. The statutes constitute the warrant of authority. *Sturgeon v. Hampton,* 88 Mo. 213. Much less could the county be estopped to assert title by the fact that the county court had levied, and the collector had collected, taxes upon the lands over which the court is given control. Judgment affirmed. All concur.